UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES OOMC 2006-HE5, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES OOMC 2006-HE5<br><br>Plaintiff,<br><br>v.<br><br>TYRONE BOLAND A/K/A TYRONE A. BOLAND<br><br>Defendant. | Case No. 20-cv-____ |

**COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY JUDGMENT**

1. Plaintiff U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE5, Asset Backed Pass-Through Certificates, Series OOMC 2006-HE5 ("U.S. Bank as Trustee") brings this action against Defendant Tyrone Boland a/k/a Tyrone A. Boland ("Mr. Boland") to quiet title to real estate located at 71 Gladeside Avenue, Mattapan, Massachusetts 02126 ("Property") pursuant to *Massachusetts General Laws*, c. 240, § 6, and to obtain a declaratory judgment pursuant to § 28 U.S.C. 2201 and *Fed. R. Civ. P.* 57 confirming that U.S. Bank as Trustee properly foreclosed on the Property on November 5, 2019 and striking a document Mr. Boland recorded in the public records.

**Parties**

2. U.S. Bank as Trustee is a federally-chartered national banking association organized and existing under the laws of the United States of America having a place of business c/o

      PHH Mortgage Corporation, 1 Mortgage Way, Mail Stop SV-22, Mount Laurel, NJ 08054.

3. Mr. Boland is an individual who, upon information and belief, resides at the Property.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this action concerns title to real estate located within this venue.

## Facts

6. Mr. Boland became the owner of the Property, pursuant a Quit-Claim Deed from Raphael Nembhard and Ethlyn Nembhard to Tyrone A. Boland, dated April 25, 2006 and recorded in the Suffolk County District Registry of Deeds ("Registry") in Book 39454 at Page 31.

7. On April 25, 2006, Mr. Boland executed an Adjustable Rate Note (the "Note") in favor of lender, Option One Mortgage Corporation, a California Corporation ("Lender") in the face amount of $408,000.00. A true and accurate copy of said Note is attached hereto as **Exhibit A**.

8. Concurrent with the execution of the Note, Mr. Boland executed a Mortgage (the "Mortgage") in favor of Option One Mortgage Corporation, a California Corporation in the face amount of $408,000.00 which was recorded with the Registry on April 25, 2006 in Book 39454, at Page 33. The Mortgage encumbers the Property. A true and accurate copy of said Mortgage is attached hereto as **Exhibit B**.

9. On November 16, 2012, Sand Canyon Corporation f/k/a Option One Mortgage Corporation assigned the Mortgage to U.S. Bank as Trustee ("Assignment") which was recorded with the Registry on December 14, 2012, in Book 506511 at Page 310. A true and accurate copy of said Assignment is attached hereto as **Exhibit C**.

10. U.S. Bank as Trustee, directly or through an agent, has possession of the Note.

11. Mr. Boland defaulted on the Note and Mortgage by failing to make payments under the terms of the Note and Mortgage.

12. U.S. Bank as Trustee fulfilled all statutory and contractual conditions to a foreclosure of the Mortgage, including the following:

    a. On September 25, 2014, U.S. Bank as Trustee, through an agent, sent Mr. Boland a letter entitled "150-day Right to Cure Your Mortgage Default" in compliance with Mass. Gen. Laws ch 244 § 35A.

    b. On April 7, 2017, U.S. Bank as Trustee, through an agent, recorded an affidavit dated March 30, 2017 with the Registry in Book 57782 at Page 24 in compliance with Mass. Gen. Laws ch 244 § 35B.

    c. On April 7, 2017, U.S. Bank as Trustee, through an agent, recorded an affidavit dated March 31, 2017 with the Registry in Book 57782 at Page 28 in compliance with Mass. Gen. Laws ch 244 § 35C.

    d. On October 17, 2017, U.S. Bank as Trustee, through an agent, sent a letter entitled "90-day Right to Cure Your Mortgage Default" to Mr. Boland in compliance with Mass. Gen. Laws ch 244 § 35A.

e. On May 14, 2018, U.S. Bank as Trustee, through an agent, recorded an affidavit dated May 3, 2018 with the Registry in Book 59576 at Page 154 in compliance with Mass. Gen. Laws ch 244 § 35B.

f. On May 14, 2018, U.S. Bank as Trustee, through an agent, recorded an affidavit dated May 8, 2018 with the Registry in Book 59578 at Page 336 in compliance with Mass. Gen. Laws ch 244 § 35C.

g. On September 4, 2018, U.S. Bank as Trustee, through an agent, sent Mr. Boland a notice of default in strict compliance with the terms of the Mortgage;

h. On October 9, 2019, U.S. Bank as Trustee, through an agent, sent Mr. Boland a notice to inform him of that it intended to sell the property at a foreclosure sale on November 5, 2019 at 2:00 PM.

i. On October 11, 18, and 25, 2019, U.S. Bank as Trustee, through an agent, published notice of the November 5, 2019 foreclosure sale in The Boston Globe, a newspaper having a general circulation in Mattapan (Boston).

13. On November 5, 2019, U.S. Bank as Trustee, foreclosed the Mortgage through the exercise of the statutory power of sale and through an open, peaceable, and unopposed entry onto the Property. Miguel M. Gomes submitted the winning bid at the foreclosure sale and U.S. Bank as Trustee is prepared to convey the Property to Miguel M. Gomes by a foreclosure deed.

14. On December 19, 2019, Mr. Boland executed a document titled "Lawful Ownership, Current Possession and to Clarify Title under G.L. c. 183, s. 5B" (hereinafter referred to "Boland Affidavit") and recorded with the Registry in Book 52269 at Page 300. A true and accurate copy of said Boland Affidavit is attached hereto as **Exhibit D**.

15. The Boland Affidavit asserts that the foreclosure sale was invalid for one or more of the following reasons:

    a. U.S. Bank as Trustee failed to make a good faith effort to avoid foreclosure, as required by *Mass. Gen. Laws* ch. 244, § 35B.

    b. The servicer of the Mortgage proceeded with a foreclosure sale while Mr. Boland's appeal of a denial of a loss mitigation application was pending, in violation of *Mass. Gen. Laws* ch. 244, § 35B, 12 CFR § 1024.41 and 12 CFR § 1024.35.

    c. Neither Option One nor Sand Canyon sent Mr. Boland a notice of default pursuant to paragraph 21 of the Mortgage, even though that paragraph allows the acceleration of the sums secured by the Mortgage "without prior notice" if Mr. Boland defaults on the payments required by the Note.

    d. Even though Option One was still the mortgagee of the Mortgage on December 14, 2012, it allegedly had no interest in the Note or Mortgage on that date, and thus the assignment it recorded on that date was not legally effective.

    e. The assignment dated November 16, 2012 was not effective because the signors were not authorized to execute the assignment for the assignor.

    f. The Mortgage became void more than five years after acceleration.

    g. U.S. Bank as Trustee never became the Note Holder.

    h. U.S. Bank as Trustee never had the authority to foreclose.

    i. Mr. Boland never received a Notice of Intent to Foreclose at the Property.

j.  Mr. Boland disputes the affidavits recorded on April 7, 2017 and on May 14, 2018, as being based on hearsay without a sufficient foundation to establish business records.

k.  Mr. Boland states that he opposed the entry onto the Property on November 5, 2019.

16. None of the statements in the Boland affidavit are true or affect the validity of the November 5, 2019 foreclosure sale.

## COUNT I - QUIET TITLE

17. U.S. Bank as Trustee incorporates herein by reference as if more fully set forth below the allegations set forth in paragraphs 1 through 16 above.

18. The Boland Affidavit has created a cloud on title and U.S. Bank as Trustee is therefore entitled to a judgment quieting title to the Mortgage in it as the holder of record thereof.

## COUNT II - DECLARATORY JUDGMENT

19. U.S. Bank as Trustee incorporates herein by reference as if more fully set forth below the allegations set forth in paragraphs 1 through 18 above.

20. U.S. Bank as Trustee was the holder of the Note and Mortgage and entitled to enforce the same.

21. The Boland Affidavit is of no force and effect as it relates to U.S. Bank as Trustee's status as the holder of the Note and Mortgage and its ability to enforce the terms and conditions of said Note and Mortgage.

## COUNT III – SLANDER OF TITLE

22. U.S. Bank as Trustee incorporates herein by reference as if more fully set forth below the allegations set forth in paragraphs 1 through 21 above.

23. Recording the Boland Affidavit constitutes publication, without justification, of false statements affecting U.S. Bank as Trustee's title to the Note, Mortgage, and Property.

24. The Boland Affidavit contains false information, which were known to be false, made with reckless disregard as to their falsity, and/or made maliciously for the purpose of evading a lawful foreclosure and Mr. Boland's obligations under the Note and Mortgage and to cause harm to U.S. Bank as Trustee.

25. As a result of the recording of the Boland Affidavit, U.S. Bank as Trustee has been unable to proceed with foreclosure as it cannot convey clear, marketable, and insurable title to the third party purchaser, and has been damaged by continuing to pay costs for the Property including taxes and insurance and has lost the ability to recover its financial losses on the Mortgage.

WHEREFORE, U.S. Bank as Trustee prays for relief herein as follows:

1. A judgment declaring that U.S. Bank as Trustee is the owner of the Note and Mortgage and had authority to foreclose on the Property;

2. A judgment declaring the foreclosure sale of the Property that occurred on November 5, 2019 to be valid and in compliance with all statutory and contractual requirements;

3. A judgment declaring that the Boland Affidavit is of no force and effect and striking it from the Registry;

4. A judgment quieting title to the Property in favor of U.S. Bank as Trustee free and clear of any claims of Mr. Boland;

5. An award of damages for slander of title, including its attorney's fees, interests, and costs;

6. Costs of this action; and

7. Such other and further relief which the Court deems just and proper under the circumstances.

                        U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES OOMC 2006-HE5, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES OOMC 2006-HE5
By its Attorney,

*/s/ Krystle G. Tadesse*
Joseph A. Farside, Jr. (BBO #667187)
Krystle G. Tadesse (BBO #673899)
Jeffrey C. Ankrom (BBO #704349)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Date: October 19, 2020